IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P.,<br>a Delaware limited partnership,<br><br>                Plaintiff,<br><br>            v.<br><br>TOWN OF ELSMERE, a Delaware<br>municipal corporation, ELLIS<br>BLOMQUIST, EUGENE BONEKER,<br>and JOHN GILES<br><br>                Defendants. | :<br>:<br>:<br>:<br>: Civil Action No. 04-cv-1321-SLR<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendant Town of Elsmere, a Delaware municipal corporation ("Town"), and Defendants Ellis Blomquist ("Blomquist"), Eugene Boneker ("Boneker") and John Giles ("Giles"),[1] by and through undersigned counsel, hereby answer and set forth defenses to Plaintiff's First Amended Complaint. Each and every allegation not specifically admitted is denied. As to the enumerated paragraphs of Plaintiff's First Amended Complaint, Defendants respond as follows:

### THE PARTIES

1. Denied, except that it is admitted that Plaintiff Elsmere Park Club, L.P. ("EPC") is a limited partnership duly organized and existing under the laws of the State of Delaware and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint.

---

[1] Hereinafter, Defendants Blomquist, Boneker and Giles are referred to as the "Individual Defendants," and the Town and the Individual Defendants collectively are referred to as the "Defendants."

2. Admitted.

3. Denied, except that it is admitted that Blomquist was the Town Code Enforcement Officer acting under color of state law at all relevant times and is sued in his official and individual capacities.

4. Denied, except that it is admitted that Boneker was the Town Manager, that Blomquist reported to him, that he acted under color of state law and is sued in his official and individual capacities.

5. Denied, except that it is admitted that Giles is the current Town Manager, and that he acted under color of state law at all relevant times.

## JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

## BACKGROUND FACTS

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Admitted.

10. Admitted.

11. Denied, except that it is admitted that flooding occurred in 1989 and the Town later restricted the use of the basements at the Elsmere Park Apartments a/k/a Fenwick Park Apartments (the "Apartments").

12. Denied.

13. Denied, except that it is admitted that Defendant Blomquist arrived at the Apartments with a representative of the Delaware Division of Public Health on Friday,

2

October 4, 2002 to inspect the uninhabited, unused basement apartments at 1405 and 1421 Cypress Avenue.

14. Denied, except that it is admitted that Blomquist directed the residents of the eight upper level apartments at 1405 and 1421 Cypress Avenue to vacate their respective apartments because they were unsafe.

15. Denied.

16. Denied.

17. Denied, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff retained its own expert and immediately attempted to test and remedy the situation.

18. Denied, except that it is admitted that the Town issued a "News Release" to the "News Media" on Saturday, October 5, 2002 regarding the inspection and subsequent condemnation of two buildings within the Apartments, and the evacuation of seven families due to the conditions at the Apartments.

19. Denied, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth regarding Regina O'Neill and a representative from CPR Services.

20. Denied, except it is admitted that Defendant Giles acted under color of law at all relevant times.

21. Admitted.

22. Denied, except that it is admitted that an informational meeting was held concerning the Apartments and their condition, that the meeting was videotaped and that the videotape was later broadcast.

23. Denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied.

28. Defendants are unable to admit or deny Paragraph 28 of the Complaint because it is too vague. If a response is required, however, then it is denied.

29. Defendants are unable to admit or deny Paragraph 29 of the Complaint because it is too vague. If a response is required, however, then it is denied.

30. Defendants are unable to admit or deny Paragraph 29 of the Complaint because it is too vague. If a response is required, however, then it is denied.

31. Admitted.

32. Denied.

33. Denied, except that it is admitted that Notices of Condemnation were issued by the Town through Blomquist stating that the buildings were condemned as "Unfit for Human Habitation," and that the Notices alleged evidence of the presence of mold and microbial growth and of sewage leaking from the building sewer in the basements of the buildings.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Defendants state that Section 4104 of the Delaware State Housing Code speaks for itself. To the extent the allegations in Paragraph 39 of the Complaint are inconsistent with those terms, the allegations are denied.

40. Denied.

41. Defendants state that the provisions of the New York City Department of Health "Guidelines on Assessment and Remediation of Fungi in Indoor Environments" ("the New York Guidelines") speak for themselves. To the extent the allegations in Paragraph 41 are inconsistent with those provisions, the allegations are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied, except that it is admitted that the Town required the condemned Apartments to be remediated before they could be reinhabited.

58. Denied.

59. Denied.

60. Denied, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the claims regarding the value of the Apartments.

61. Denied, except that it is admitted that the Individual Defendants had the authority to act under color of law on behalf of the Town.

62. Denied.

63. Denied.

## COUNT I

### Violations of 42 U.S.C. § 1983 – Procedural Due Process

### (Against Defendant Town)

64. Defendants hereby incorporate the responses to Paragraphs 1 through 61 of the Complaint as if set forth fully herein.

65. Denied.

66. Denied.

67. Denied, except that it is admitted that Defendant Town acted under color of State law at all relevant times.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT II

### Violations of 42 U.S.C. § 1983 – Procedural Due Process

### (Against Defendants Blomquist, Boneker and Giles)

73. Defendants hereby incorporate the responses to Paragraphs 1 through 70 of the Complaint as if set forth fully herein.

74. Denied, except that it is admitted that Blomquist, Boneker and Giles were Town officials and/or representatives at all relevant times.

75. Denied, except that it is admitted that Blomquist, Boneker and Giles acted under color of law at all relevant times.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

### AFFIRMATIVE DEFENSES

Defendants further assert the following defenses that bar recovery by Plaintiffs.

### First Affirmative Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by 10 *Del. C.* § 4001 *et seq.*

### Third Affirmative Defense

Plaintiff's First Amended Complaint is barred by the doctrine of official immunity.

### Fourth Affirmative Defense

Plaintiff has failed to mitigate its damages.

### Fifth Affirmative Defense

Plaintiff's damages, if any, were caused in whole or in part by its own failure of performance, breach of contract, negligence, breach of duty, or other wrongdoing.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

*/s/ Linda Martin Gilchrist*

Edward M. McNally (#614)
Linda Martin Gilchrist (#3973)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
lgilchrist@morrisjames.com
Attorneys for Defendants Town of Elsmere,
Ellis Blomquist, Eugene Boneker and John Giles

Dated: April 12, 2005

1131290

## CERTIFICATE OF ELECTRONIC SERVICE

I, LINDA MARTIN GILCHRIST, hereby certify that on April 12, 2005, I have caused the following documents to be served electronically on the parties listed below:

1) DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; and, 2) CERTIFICATE OF ELECTRONIC SERVICE.

Online service to:

David S. Eagle, Esquire
Klehr, Harrison, Harvey,
   Branzburg & Ellers LLP
919 Market Street, Suite 1000
Wilmington, DE 19801
Attorneys for Defendants and
Third-Party Plaintiffs Elsmere Park Club, L.P. and
LCL Management, L.L.C.

*[signature]*
Linda Martin Gilchrist (#3973)
Email: *lgilchrist@morrisjames.com*

LDM/008522-0863/1133948/1