IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership,<br><br>           Plaintiff,<br><br>     v.<br><br>TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES<br><br>           Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 04-1321 SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOTICE OF LODGING
OF PROOF OF SERVICE OF SUBPOENA

TO:   David S. Eagle, Esquire
      Klehr, Harrison, Harvey,
      Branzburg & Ellers LLP
      919 Market Street, Suite 1000
      Wilmington, DE  19801
      Attorneys for Defendants and
      Third-Party Plaintiffs Elsmere Park Club, L.P. and LCL Management, L.L.C.

   PLEASE TAKE NOTICE that Plaintiff lodges herewith the proof of service of subpoena to the following:

   Delaware Real Estate Investment Fund LLC
   (JAB Properties Management, Inc.)
   c/o Corporation Trust Co.
   1209 Orange Street
   Wilmington, DE  19801

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

*/s/ Linda Mark Gilchrist/*

Edward M. McNally (#614)
Linda Martin Gilchrist (#3973)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
lgilchrist@morrisjames.com
Attorneys for Defendant

August 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, I electronically filed the Notice of Lodging of Proof of Service of Subpoena with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> David S. Eagle, Esquire
> Klehr, Harrison, Harvey,
> Branzburg & Ellers LLP
> 919 Market Street, Suite 1000
> Wilmington, DE 19801
> Attorneys for Plaintiff Elsmere Park Club, L.P.

/s/ Linda Martin Gilchrist
Edward M. McNally (#614)
Linda Martin Gilchrist (#3973)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
emcnally@morrisjames.com
lgilchrist@morrisjames.com
Attorneys for Defendant

LDM/008522-0863/1266537/1

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

ELSMERE PARK CLUB, L.P.,
a Delaware limited partnership,

      Plaintiff,

v.

TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES

      Defendants.

## SUBPOENA IN A CIVIL CASE

Civil Action No. 04-1321 SLR

**TO:** Delaware Real Estate Investment Fund LLC
(JAB Properties Management, Inc.)
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    Records regarding the purchase and renovation of the Elsmere Park Apartments at 1410 Cypress Avenue, Elsmere, Delaware

| PLACE | DATE AND TIME |
|---|---|
| Linda Martin Gilchrist, Esquire<br>Morris, James, Hitchens & Williams LLP<br>222 Delaware Ave., 10th Floor<br>P.O. Box 2306<br>Wilmington, DE 19899-2306 | August 12, 2005 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants /s/ Linda Martin Gilchrist | August 5, 2005 by 5:00 p.m. |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
    Linda Martin Gilchrist, Esq., Morris, James, Hitchens & Williams LLP
    222 Delaware Ave., 10th Floor
    P.O. Box 2306, Wilmington, DE 19899-2306;  (302) 888-6949

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 8/5/05 | 1209 ORANGE ST. WILMINGTON, DE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| DELAWARE REAL ESTATE INVESTMENT FUND LLC | | ACCEPTED BY   BRIAN PENROD (PROCESS AGENT) |
| SERVED BY (PRINT NAME) | | TITLE |
| BARRY EVELAND | | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    8/5/05
               DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.