FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

01 SEP 23 PM 2: 13

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DEBORAH GRAYDEN, CHARLES
JACKSON, MAGDALY LAURENCEAU, et
al.,

        Plaintiffs,

-vs-

THE CITY OF ORLANDO, FLORIDA;
CODE ENFORCEMENT BOARD FOR
THE CITY OF ORLANDO, FLORIDA; and
MIKE RHODES, individually,

        Defendants.

Case No. 6:00-cv-888-Orl-22DAB

## ORDER

In an Order dated March 12, 2004 (Dkt. # 247), it was determined in this case that the CITY OF ORLANDO violated the right of the Plaintiffs, DEBORAH GRAYDEN, CHARLES JACKSON, MERVIL CELISSA, DUCACE VILNE, VILEINE PREVIL, CAROLYN GUDE, JOHN MCINTOSH, PETER WILLIAMS, SANDRA FREEMAN, VERONICA GAINES, EILEEN BURWELL, CONSTANCE LAWRENCE, LADONNA MAY, TIFFANY MAY, and PATRICIA ROBOTHAM, to due process under the U.S. Constitution by failing to provide Plaintiffs with contemporaneous notice of their right to post-eviction hearing and by not providing them with a prompt and meaningful post-deprivation hearing. In light of this determination, the Plaintiffs have requested injunctive relief against the CITY OF ORLANDO to remedy the deficiencies in the City's condemnation procedures. In order to determine what injunctive relief is appropriate, the Court ordered the City and the Plaintiffs to file memoranda addressing what steps are necessary to modify the City's condemnation procedures for exigent and non-exigent circumstances so as to

comport with due process. (Dkt. # 247.) The City (Dkt.# 248) and Plaintiffs (Dkt.# 249) each submitted their proposals for changes to the City's Code and procedures on condemnation.

After a review of the court file, the Court referred this and all other remaining post-trial issues to Magistrate Judge David A. Baker for determination or, if necessary, for issuance of a report and recommendation. (Dkt. #250.) The parties then agreed to participate in a settlement conference with Judge Baker. As a result, the parties were able to reach agreement on the terms of the injunctive relief. Accordingly, the Court adopts the following agreed to changes as its Order on injunctive relief:

1) The CITY OF ORLANDO shall amend the City Code and its policies and procedures regarding condemnation to provide that any notice to vacate will specifically inform tenants of their right to appeal the condemnation decision. The notice to vacate will be delivered to both the owner and the lessees by hand-delivery or certified mail, as well as provided by posting on the property. Either the owner or the lessee shall be permitted to request a hearing regarding the condemnation decision within 15 calendar days of the City's posting of notice.

2) City Code and CITY OF ORLANDO CODE ENFORCEMENT BOARD (CEB) policies shall be amended to specifically empower the CEB with the authority to reverse or modify the City's condemnation orders if evidence warrants such action.

3) City Code and CEB procedures shall be amended to provide that a hearing regarding the condemnation decision shall be held before the CEB within four business days of receiving a hearing request. However, in exigent circumstances, the requested hearing could occur after the deadline for vacating. The CEB shall issue a notice of hearing to both the lessee requesting the

hearing and the owner of the premises. The notice of hearing will be delivered by hand-delivery or certified mail to both the lessee requesting the hearing and the owner of the premises.

4) In non-exigent circumstances, City Code and CEB policies shall be amended to provide that a notice to vacate will specifically inform tenants of their right to seek appeal of the condemnation decision. The notice to vacate will be delivered to both the owner and the lessees by hand-delivery or certified mail and by posting on the property. Either the owner or the lessee shall be permitted to request a hearing regarding the condemnation decision within 15 calendar days of the City's posting of the notice.

5) City Code and CEB procedures shall be amended to provide that a hearing regarding the non-exigent condemnation order shall be held before the CEB within four business days of receiving a hearing request. Either the owner or the lessees shall be permitted to request a hearing regarding the condemnation decision within fifteen calendar days of the City's posting notice. The hearing shall be held prior to the deadline for vacating the premises. The CEB shall issue a notice of hearing to both the lessee requesting the hearing and the owner of the premises. The notice of hearing will be delivered by hand-delivery or certified mail to both the lessee requesting the hearing and the owner of the premises.

6) The City Code and the CITY OF ORLANDO CODE ENFORCEMENT BOARD procedures will be amended to specifically empower the CITY OF ORLANDO CODE ENFORCEMENT BOARD with authority to reverse or modify a non-exigent condemnation order if evidence warrants such action.

7) Chapter 5, Article I of the City Code will be amended to establish that any tenant who seeks a hearing on the order to vacate/condemn is a party to the CEB action. The Code's definition

of "party" will be amended to include a tenant who has a legal right or interest in the property, whose substantial interest will be affected by the proposed CEB action, and who makes an appearance (for example, by filing an appeal to the CEB) as a party to the CEB action.

8) City Code and policy shall be amended to require condemnation placards to include a brief and concise summary of the conditions necessitating the condemnation. This will be accomplished by leaving space on the placard to allow a City Code Enforcement Officer to write in the summary.

9) City Code and CEB procedures shall be amended to require that upon scheduling of a hearing for a case involving major violations (as that term is defined by the City's minimum standards code), the CEB shall cause the notice of hearing to be served by U.S. mail on the tenant of the affected building.

10) The appeal from a decision of the CITY OF ORLANDO CODE ENFORCEMENT BOARD regarding the condemnation of property shall be governed by the provisions § 162.11, Fla. Stat. (2003).

The Clerk is directed to close this file upon entry of this final Order. The Court reserves jurisdiction to enforce its Orders and for consideration of costs and fees. All matters relating to claims for fees and costs are referred to the Magistrate Judge for appropriate proceedings.

**DONE** and **ORDERED** in Orlando, Florida this 23rd day of September, 2004.

ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

Copies furnished to:

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH GRAYDEN, et al.,

        Plaintiffs,

-vs-

THE CITY OF ORLANDO, FLORIDA, and
CODE ENFORCEMENT BOARD FOR THE
CITY OF ORLANDO, FLORIDA,

        Defendants.

Case No. 6:00-cv-888-Orl-22DAB

## ORDER

It has now been determined in this case that the City of Orlando violated the Plaintiffs' right to due process under the U.S. Constitution by failing to provide Plaintiffs with contemporaneous notice of their right to a post-eviction hearing, and by not providing them with a prompt and meaningful post-deprivation hearing. Notwithstanding the City's argument to the contrary, the Plaintiffs have continuously and repeatedly asserted a request for declaratory and injunctive relief in this case. It now falls to the Court to determine what injunctive relief is appropriate.

The Court would certainly be justified in crafting an injunction at this point, based on the Court's view of what relief is appropriate. However, as in past cases, the Court deems it fairer and more appropriate to afford the parties an opportunity to provide input concerning the manner in which the deficiencies in the City's procedure should be remedied.

247

Accordingly, within twenty (20) days, the City shall file and serve a memorandum addressing what steps it proposes to take to modify its procedures so as to comport with due process. Within twenty (20) days thereafter, Plaintiffs shall file and serve a memorandum in response to the City's memorandum. During either of these periods, if the parties believe further mediation or a conference with the assigned magistrate judge may be beneficial in resolving these issues, counsel shall promptly notify the Court of that fact.

In their legal memoranda, the parties shall address modifications to the City's policies in the areas of (1) pre-deprivation notice and a hearing to residential tenants in non-exigent circumstances, (2) contemporaneous notice and a prompt and meaningful post-deprivation hearing to such tenants in exigent circumstances, and (3) the process for review (e.g., by a state court) of decisions reached at a due process hearing. In considering the issue of notice, counsel should note that Florida's residential landlord-tenant statutes provide for seven (7) days' pre-vacation notice even under certain exigent circumstances. *See* Fla. Stat. 83.56(2)(a).

Counsel are expected to participate in this endeavor in good faith. Again, the Court is taking this step to give the parties an opportunity to provide input concerning injunctive relief, rather than simply entering an injunction on terms it deems appropriate. They should take full advantage of it.

DONE and ORDERED in Chambers, in Orlando, Florida this 12th day of March, 2004.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Administrative Law Clerk
Courtroom Deputy
Magistrate Judge David A. Baker
J. Joaquin Fraxedas, Esq., Mediator

-3-