# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Edward M. McNally
(302) 888-6880
emcnally@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

October 11, 2005

VIA HAND DELIVERY AND CM/ECF

The Honorable Sue L. Robinson
Chief Judge
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Elsmere Park Club, L.P. v. Town of Elsmere, et al.*
Civ. No. 04-1321-SLR

Dear Judge Robinson:

On October 6, 2005, the Plaintiff Elsmere Park Club served a "supplemental report" of Larry W. Johnson (D.I. 71). That report was 50 days <u>after</u> the cut-off date for expert reports and two weeks after the deadline for <u>Daubert</u> motions. By this letter, Defendants seek the guidance of the Court.

Briefly, this case arises from the contention of Plaintiff that the Defendants have violated the constitutional rights of Plaintiff by the condemnation and evacuation of Plaintiff's apartments located in Elsmere, Delaware, owing in part to pervasive mold infestation. The Court entered a Scheduling Order on January 20, 2005 (D.I. 12), amended by stipulation of the parties on June 13, 2005 (D.I. 26). Pursuant to the Amended Scheduling Order, expert reports were due by August 15, 2005, rebuttal expert reports by September 15, 2005, and <u>Daubert</u> motions due by September 23, 2005. Discovery closed on August 22, 2005; that date was also the deadline for supplementation pursuant to Fed. R. Civ. Pro. 26(e).

Plaintiff served the Expert Report of Larry W. Johnson ("Johnson") on August 23, 2005. Johnson was deposed by Defendants on September 14, 2005. During Johnson's deposition, he testified that it would be impossible to definitively determine the costs of remediation of the contaminated apartments at issue in this case without observing any "hidden damage" present. (D.I. 66 at C-399). Without regard to Johnson's sworn testimony, Plaintiff now seeks to admit

The Honorable Sue L. Robinson               MORRIS, JAMES, HITCHENS & WILLIAMS LLP
October 11, 2005
Page 2

into evidence an alleged "supplemental report" by Johnson, which estimates the cost of remediation at $292,100.[1]

       This litigation-driven estimate is generated in response to Defendants' Motion *In Limine* to Exclude the Expert Report and Testimony of David J. Wilk. (D.I. 55). Wilk's report valued the apartments at issue in the absence of environmental contamination, and Defendants' Daubert motion pointed out that remediation costs must by included in a proper valuation, as a matter of law. (*Id.*). Plaintiff seeks to admit a "supplemental report" by Johnson that both exceeds the scope of his original reports and directly contradicts his own prior testimony. This is being done, plainly, in an improper effort to defeat Defendants' Motion *In Limine*. As evidence of this fact, I attach hereto a letter from Plaintiff's counsel, indicating that the report of David Wilk, combined with the newly-proffered "supplemental report" now "establishes the fair market value" of the Apartments.

       The "supplemental report," is prohibited by Rule 26(e)(1). That rule permits supplementation of an expert report only as required to *correct* information contained in the expert's report or provided through the expert's deposition. Here, the "supplement" is merely an attempt to make an end-run around both this Court's Scheduling Order and around the Defendants' Motion in Limine. It does not correct a misapprehension, misstatement or other error of fact—it merely adds an additional layer of putative "evidence" to bolster Plaintiff's claim. In light of the filing of Johnson's "supplemental" report after the close of discovery, and after the deadline for filing Daubert motions, and the dubious purpose for which the "supplement" is submitted, this putative "supplement" is properly excluded as untimely.

       The prejudice to Defendants is plain. Defendants cannot file a Daubert motion as to the supplemental report, as the time to do so has passed and they cannot submit a rebuttal report, as the time to do so has passed. Trial is soon. Hence, Defendants need relief from this too-late filing and we therefore respectfully request that the Court hold a conference to discuss this problem.

       Plaintiff has offered to let Defendants file yet another Daubert motion next month, in violation of the Court's Scheduling Order. Of course, that would put the Defendants in violation of the order, may cause the Court to decline to hear the motion and, in any case, does not cure the failure to give the Defendants an opportunity to submit a rebuttal report.

---

[1] The "supplement," is not only in derogation of Mr. Johnson's sworn testimony, but his estimate of the costs of remediation is meaningless, in light of the submission of the actual costs, to date, which exceed Mr. Johnson's belated estimate by more than $600,000. The third-party purchaser of the apartments at issue submitted to Defendants a copy of their costs, to date, in performing the remediation of the apartments. D.I. 58. Their costs have approached $1 million. *Id.*

The Honorable Sue L. Robinson				MORRIS, JAMES, HITCHENS & WILLIAMS LLP
October 11, 2005
Page 3

     Of course, I am available at the Court's convenience to address any questions or concerns raised hereby.

                Respectfully submitted,

                */s/ Edward M. McNally*

                Edward M. McNally (#614)
                emcnally@morrisjames.com

Enclosure
cc: David S. Eagle, Esquire (w/enclosure; via CM/ECF)

1297520/1