IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES,<br><br>Defendants. | :<br>:<br>:<br>:<br>: Civil Action No. 04-1321 (SLR)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION OF DEFENDANTS TO STRIKE
## SUPPLEMENTAL EXPERT REPORT OF LARRY W. JOHNSON

Defendants Town of Elsmere, Ellis Blomquist, Eugene Boneker and John Giles ("Defendants") hereby move the Court for an Order striking new and untimely contentions raised for the first time by Plaintiff in the Supplemental Report of Larry W. Johnson, served on October 6, 2005 (the "Supplemental Report"). In support of this Motion, Defendants state as follows:

1. The Court entered a Scheduling Order on January 20, 2005 (D.I. 12), amended by stipulation of the parties on June 13, 2005 (D.I. 26)("Amended Scheduling Order"). Pursuant to the Amended Scheduling Order, expert reports were due by August 15, 2005, rebuttal expert reports by September 15, 2005, and Daubert motions due by September 23, 2005. Discovery closed on August 22, 2005. Supplementation pursuant to Fed. R. Civ. Pro. 26(e) was also due on or before August 22, 2005.

2. The Supplemental Report was served on October 6, 2005—more than 50 days after the cut-off date for expert reports, approximately six weeks after the cut-off date for supplementation pursuant to Fed. R. Civ. Pro. 26(e), and two weeks after the deadline for Daubert motions.

3. Plaintiff served the Expert Report of Larry W. Johnson ("Johnson") on August 23, 2005 (the "Original Report"). Johnson was deposed on the basis of the Original Report and the conclusions therein by Defendants on September 14, 2005. During Johnson's deposition, he testified that it would be impossible to definitively determine the costs of remediation of the contaminated apartments at issue in this case without observing any "hidden damage" present. (D.I. 66 at C-399). Without regard to Johnson's sworn testimony, Plaintiff now seeks to admit into evidence Johnson's Supplemental Report, which estimates the cost of remediation at $292,100.

4. The purpose of the Federal Rules – and of this Court's scheduling orders – is to prevent surprise and avoid trial by ambush. Tenbarge v. Ames Taping Tool Sys., Inc., 190 F.3d 862, 865 (8th Cir. 1999); Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc., 252 F. Supp. 2d 838, 840-41 (D. Minn. 2002), aff'd in relevant part, 340 F.3d 1298, 1313-14 (Fed. Cir. 2003); Transclean Corp. v. Bridgewood Serv., Inc., 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) ("Transclean I"), aff'd in relevant part, 290 F.3d 1364 (Fed. Cir. 2002). For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests. ELCA Enters., Inc. v. Sisco Equipment Rental & Sales, Inc., 53 F.3d 186, 189 (8th Cir. 1995); Transclean I, 77 F. Supp. 2d at 1061.

5. Rule 37(c)(1) provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior

response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

6. In addition, Rule 16(f) authorizes a court to impose sanctions for the breach of a pre-trial order. See Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998); N. Star Mut. Ins. Co. v. Zurich Ins. Co., 269 F. Supp. 2d 1140, 1144-45 (D. Minn. 2003); Transclean I, 77 F. Supp. 2d at 1063.

7. Furthermore, Johnson's purported sudden ability to now estimate the cost of remediation at $292,100 is meaningless, in light of the submission of the actual costs, to date, which exceed Mr. Johnson's belated estimate by more than $600,000. The third-party purchaser of the apartments at issue submitted to Defendants a copy of their costs, to date, in performing the remediation of the apartments. (D.I. 58). Their costs have, in fact, approached $1 million. (Id.)

8. The Supplemental Report is a litigation-driven report, generated solely for the purpose of rebutting Defendants' Motion *In Limine* to Exclude the Expert Report and Testimony of David J. Wilk. (D.I. 55). Wilk's report valued the apartments at issue in the absence of environmental contamination, and Defendants' Daubert motion pointed out that remediation costs must be included in a proper valuation, as a matter of law. (Id.). The improper purpose of the Supplemental Report is admitted by Plaintiff who contends that the report of David Wilk, combined with the newly-proffered Supplemental Report now "establishes the fair market value" of the Apartments.

9. Fed. R. Civ. P. 26(e)(1) imposes on an expert a duty to supplement its report when it learns that information contained either in his report or in his deposition

3

testimony is incomplete or incorrect. The Supplemental Report exceeds the scope of Rule 26(e)(1) for two key reasons.

10.     First, the Supplemental Report does not correct a incomplete or incorrect statement in either the Original Report or Johnson's deposition testimony, but purports to add another layer of evidence to the calculation of damages. It is a "supplemental report" in title only as it does not supplement Johnson's prior testimony, but rather adds conclusions and analyses not related to the substance of the Original Report. The Supplemental Report exceeds the scope of Johnson's Original Report and directly contradicts his own prior testimony, and thus exceeds the scope of Rule 26(e)(1).

11.     Second, Rule 26(e)(1) imposes upon an expert a duty to supplement its report <u>when it learns</u> that information contained either in his report or in his deposition testimony is incomplete or incorrect. The passage of nearly one month since Mr. Johnson's deposition and six weeks since service of the Original Report makes clear the dilatoriness in creating the Supplemental Report.

12.     Even if Rule 26 applied, however, the time for Rule 26 supplementations expired on August 22, 2005.

13.     If permitted to enter the Supplemental Report into evidence, Defendants will suffer undue prejudice. Because of the Amended Scheduling Order and the proximity to trial, Defendants cannot file a <u>Daubert</u> motion as to the Supplemental Report, as the time to do so has passed and they cannot submit a rebuttal expert report, as the time to do so has also passed.

14.     Plaintiff has offered to let Defendants file yet another <u>Daubert</u> motion next month, in violation of the Amended Scheduling Order. Doing so would put the

Defendants in violation of an Order of the Court, may cause the Court to decline to hear an untimely <u>Daubert</u> motion and does not cure the failure to give the Defendants an opportunity to submit a rebuttal report.

WHEREFORE, because of the dilatory creation and service of Johnson's Supplemental Report after the close of discovery, after the appropriate time for supplementation, and after the closing of time for Defendants to appropriately respond by obtaining a rebuttal expert or filing a <u>Daubert</u> motion, and because of the dubious purpose for which the Supplemental Report is submitted, Defendants request that the Court issue an Order in the form attached hereto striking the Supplemental Report in its entirety and excluding from evidence all references to the Supplemental Report

                MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                /s/ Edward M. McNally
                _____
                Edward M. McNally (#614)
                Liza H. Sherman (#4124)
                222 Delaware Avenue, 10th Floor
                Wilmington, Delaware  19801
                (302) 888-6800
                *emcnally@morrisjames.com*
                *lsherman@morrisjames.com*

                Attorneys for Defendants Town of Elsmere,
                  Ellis Blomquist, Eugene Boneker and John Giles

Dated: October 12, 2005