# EXHIBIT C

## Patrick Costello - RE: Elsmere litigation

| | |
|---|---|
| **From:** | David Eagle |
| **To:** | McNally, Edward |
| **Date:** | 9/9/2005 9:09 AM |
| **Subject:** | RE: Elsmere litigation |
| **CC:** | Gilchrist, Linda Martin; Schleicher, Douglas |

Ed,

1. I can assure you that we are not "declining to produce" Regina O'Neill. As we have advised you and the tenant plaintiffs since the beginning of the Manuel case, she is very sick and you had the option to depose her. No one has elected to do that until now. I initially spoke to her and got dates which she later asked me to change. Since then I have not been able to contact her, period. If the status quo changes and we are able to arrange for her trial testimony voluntarily, we are perfectly happy to agree to produce her before trial - as we have always been. Otherwise, we will also have to consider whether to subpoena her for trial.

2. You said on August 2 that you would review Mr. Johnson's report and then decide whether to depose him (see attached). You had the report since August 15. On September 7, you demanded all 3 expert depos. within a week. Mr. Johnson is available on the 14th. We are still checking on the others, but it appears that Dr. Gots will not be available until Oct. 14.

3. You are correct that this issue should not take up a lot of the parties' time. In December 2002, EPC submitted a mold remediation plan to the Town and State which, after some comment and response, was approved. The Town issued a permit in Feb. 2003 allowing work to proceed in accordance with the plan. The contents of the plan constitute an admission by the Town that such measures were reasonable and acceptable. The cost associated with such plan may be fairly deducted from the appraised value.

If you disagree that the Town ok'd the plan, issued a permit, and that the plan is admissible at trial on this basis, we need to know immediately. Obviouly we reserve all rights in this regard.

David.


>>> "McNally, Edward" <emcnally@morrisjames.com> 9/8/2005 9:57:34 AM >>>
David:
    Your response is just not good enough.

    First, you have repeatedly taken responsibility for scheduling the O' Neill deposition, effectively acting as her lawyer is obtaining several extensions. You cannot have it both ways in declining to produce her while reserving your right to call her as a witness. The easiest way to deal with this is for you to agree that she will be deposed if and when you decide to call her as a witness and subject to some cut off date before the trial. Will you agree to that stipulation? if not, then I will subpoena her and will need to bother her to check on her illness, something that you have done I presume already. Tell me now what you want to do.

    Second, we have told you before that we want to depose your client's experts and we discuss doing that in the context of the cut off date and the need to file Daubert motions soon. I am going to notice the 2 experts for 9/14 and suggest that you come up with alternative dates if you have any and then I will consider those.

    Third, my question on remediation was a simple one. What is your position on the cost of remediation as a deduction from the value of the apartments? How that is answered may save us time. Thanks,

Edward M. McNally
Morris, James, Hitchens & Williams LLP
222 Delaware Ave
Wilmington DE 19801
302-888-6880
emcnally@morrisjames.com

-----Original Message-----
**From:** David Eagle [mailto:DEAGLE@klehr.com]
**Sent:** Wednesday, September 07, 2005 5:15 PM
**To:** McNally, Edward
**Cc:** Douglas Schleicher; Gilchrist, Linda Martin
**Subject:** Re: Elsmere litigation

Ed:

We have reached out to the experts regarding depositions and will report back as soon as we can. They will be difficult to schedule on a week's notice. As always, we will work with you on scheduling issues whenever possible.
I have been now been unable to contact Regina O'Neill for many days, including today. As you know, she is a former LCL employee and I can no longer say with confidence that we can produce her. If she is healthy, it is entirely possible that we will call her as a witness. You may wish to subpoena her (Linda has the address in PA). Of course if I hear back in the interim, I will let you know.

You have not correctly stated our position with respect to remediation.

David.

>>> "McNally, Edward" <emcnally@morrisjames.com> 9/6/2005 3:32:32 PM >>>
David:
There are several matters that we need to address ASAP.

First, please give me dates for your experts' depositions. Keep in mind that the cut off is 9/15 and I want to stick to that date to be able to file Daubert motions.

Second, please resolve the O'Neill deposition issue. If she will not testify in support of the plaintiff's case, then perhaps we do not need to depose her. However, we need to know now.

Finally, is it your client's position that there are zero costs to mediate that the prospective buyer would take into account?

I need to hear from you soon. ED

---

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.