**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1321-SLR |
| TOWN OF ELSMERE, a Delaware Municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE EXHIBIT A
ATTACHED TO THE 9/22/05 AFFIDAVIT OF LIZA H. SHERMAN**

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

David S. Eagle (DE Bar #3387)
Patrick A. Costello (DE Bar #4535)
Douglas F. Schleicher (Admitted *Pro Hac Vice*)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 426-1189 (Telephone)
(302) 426-9193 (Fax)
deagle@klehr.com
pcostello@klehr.com
dschleicher@klehr.com
*Attorneys for Plaintiff*

Dated: October 31, 2005

## TABLE OF CONTENTS

Reply Brief in Support of Plaintiff's Motion to Strike Exhibit A
Attached to the 9/22/05 Affidavit of Liza H. Sherman...................................................1

    A.    Plaintiff Was Not a Party to the Negotiations That Hindered the Timely Approval of
the Protective Order and the Production of the Underlying Documents ..........................1

    B.  The Late Production of Underlying Documents Does Not Cure The Deficiencies
        That Plague The JAB Summary .................................................................3

CONCLUSION.................................................................................................4

DEL1 62785-1

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE EXHIBIT A ATTACHED TO THE 9/22/05 AFFIDAVIT OF LIZA H. SHERMAN

Plaintiff Elsmere Park Club, L.P. ("Plaintiff" or "EPC") has filed a Motion to Strike (D.I. 75) Exhibit A attached to the Affidavit of Liza H. Sherman (D.I. 58) that contains a purported summary of remediation costs incurred by J.A.B. Properties Management, Inc. ("JAB"). JAB was the purchaser of the Elsmere Park Apartments in or around March 2003. According to the Motion, Exhibit A (the "JAB Summary") should be stricken because it is based upon documents that were not provided to Plaintiff, and Plaintiff has not had the opportunity to depose JAB. Therefore, Plaintiff has not had the ability to test or rebut Defendants' claim that Exhibit A somehow calls into question the conclusions of Plaintiff's expert, David Wilk. Defendants argue in response that Plaintiff could have had the documents earlier if it had entered into a confidentiality agreement. As set forth below, Defendants are mistaken and the motion should be granted.

A.    **Plaintiff Was Not a Party to the Negotiations That Hindered the Timely Approval of the Protective Order and the Production of the Underlying Documents**

Defendants' Answering Brief does not provide the entire story behind the proposed protective order and Defendants' delay in providing Plaintiff with the underlying documents that support the JAB Summary. As Defendants' email attached to the Answering Brief as Exhibit A reveals (D.I. 81 at Exh. A), at the time that the first draft of the protective order was forwarded to Plaintiff's counsel on September 20, 2005, the Defendants had "not yet signed off on" the draft. Furthermore, as Defendants' Exhibit B (D.I. 81 at Exh. B) indicates, there was a disagreement over the protective order between JAB and the Defendants that had nothing to do with Plaintiff. According to Defendants, JAB's counsel approval was needed before the documents could be shared with Plaintiff.

1

DEL1 62782-2

Defendants have been in possession of the JAB Documents since September 21, 2005. Early in the week of October 10, 2005, Plaintiff's counsel advised counsel for the Defendants that Plaintiff could not fairly respond to the Daubert Motion regarding David Wilk without first reviewing the underlying JAB documents. Plaintiff then agreed to review the stipulated protective order. Plaintiff's counsel later sent an email message to Defendants' counsel on the morning of October 14, 2005 suggesting that the parties defer plaintiff's response until the JAB document issue was resolved. JAB's approval was not forthcoming prior to the deadline for Plaintiff's response to the Daubert motion and Plaintiff was compelled to file the instant Motion to Strike.

Despite Plaintff's October 10, 2005 offer to maintain confidentiality of the JAB documents, Defendants did not provide Plaintiff with a final version of the protective order until JAB's counsel had approved the draft on October 17, 2005. (See Email correspondence dated 10/17/2005 attached hereto as Exhibit 1.[1]) The final version of the protective order was finally sent to Plaintiff at the end of the business day on October 17, 2005. Significantly, even though the stipulated protective order was signed by Plaintiff and forwarded to Defendants on October 18, 2005, Plaintiff did not receive the three bankers boxes of documents until a full week later on the morning of October 25, 2005. Thus, Plaintiff has now been in possession of these documents for less than a week.

---

[1] Robert S. Nussbaum, Esquire serves as legal counsel for JAB.

DEL1 62782-2

**B.**    **The Late Production of Underlying Documents Does Not Cure The Deficiencies That Plague The JAB Summary**

Plaintiff's initial review of the underlying documents underscores the need to depose JAB regarding their contents.[2] Although Plaintiff has requested the opportunity to depose JAB in the event that Defendants intend to rely upon the documents, Defendants have not yet responded. Therefore, Plaintiff has still not been able to adequately test the information upon which Exhibit A is based.

As set forth in the Motion, it is not clear from the JAB documents what work was actually done, whether the work was required to address mold or asbestos at the property, whether or not the work was voluntary, whether the work was done to improve rather than to remediate, and whether or not the costs incurred were reasonable. For these reasons, JAB's supposed costs are not probative of any issue.

Defendants assert that Plaintiff is not prejudiced because Plaintiff could have independently taken steps towards obtaining the supporting documentation. Defendants never produced the JAB Summary in discovery, however, or indicated that they would rely on it until it appeared as an attachment to their Daubert motion on September 22, 2005.

Defendants claim that the full balance amount listed on the JAB Summary, $955,531.98, is the amount JAB has actually spent on remediation and that amount should be used to reduce Plaintiff's damages. Upon initial review, the JAB Summary lists three "General Journal" costs without any further explanation: (1) $294,358.00 on 2/27/2004, (2) $6,450.00 on 12/31/2004 and (3) $15, 954.25 on 12/31/2004. They amount to over $300,000 of expenses that are not linked to any necessary environmental remediation.

---

[2] As of the time of this filing, Plaintiff has not completed its review of the nearly 6000 pages produced on October 25, 2005, but Plaintiff's initial inspection has revealed the deficiencies noted herein.

3

Similarly, the JAB Summary lists several payments to Aztec, Inc. for "asbestos removal." One item on the JAB Summary includes a payment dated 4/17/2003 of $2,760 to Astec, Inc. for invoice number 03047. As the underlying documentation shows, however, this cost pertains to additional work that was billed separately from the asbestos work performed by Aztec. The invoice (attached hereto as Exhibit 2 and bates-stamped "JAB 002168") lists one item for "removal and disposal of asbestos containing building materials," but charges the full $2,760 as a separate item marked "Additional work: removal of stairwell tile & carpet overlay." The documents also contain an internal email noting this cost as an "extra."[3] Thus, even Plaintiff's initial review of the documents underlying Exhibit A demonstrate that it is unreliable and, at minimum, a deposition of JAB is necessary before Exhibit A can be introduced into the motion record.

## CONCLUSION

For the foregoing reasons, the JAB Summary attached as Exhibit A to the Affidavit of Liza H. Sherman should be stricken.

Dated: October 31, 2005

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By:  _____
David S. Eagle, (Bar No. 3387)
Patrick A. Costello (Bar No. 4535)
919 Market Street, Suite 1000
Wilmington, DE  19801-3062
(302) 552-5504 (Telephone)
(302) 426-9193 (Fax)
deagle@klehr.com
pcostello@klehr.com
*Attorneys for Plaintiff*

---

[3] See Email dated 4/21/2003 attached hereto as Exhibit 2 and Bates-stamped "JAB 002209" ("$2,760 to Aztec for extras in bldg one").

4

DEL1 62782-2