IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, </br></br> Plaintiff, </br></br> v. </br></br> TOWN OF ELSMERE, a Delaware Municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES, </br></br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 04-1321-SLR ) ) ) ) ) ) Jury Trial Demanded ) ) |

**PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO EXTEND SCHEDULING ORDER, SERVE REVISED AND/OR SUPPLEMENTAL EXPERT REPORTS TO ADDRESS CLAIMS AND NEW DOCUMENTS PRODUCED BY DEFENDANTS, AND TO CONTINUE TRIAL DATE**

Plaintiff Elsmere Park Club, L.P. submits this Motion to Extend the Scheduling Order, and in support thereof says:

1. Plaintiff submits this Motion to extend the scheduling order dates, serve revised and/or supplemental reports to address claims raised and new documents produced by the Defendants within the last few weeks after Plaintiff's expert reports were prepared and to continue the trial date, currently scheduled for January 4, 2006.

2. Plaintiff respectfully seeks a hearing and relief for this Motion on an expedited basis. Plaintiff's Motion seeks to extend certain dates, including the final pre-trial conference and trial. Therefore, the parties are in need of the Court's guidance.

PHIL1 647614-1

**Background Facts**

3.      Plaintiff filed this case a little over one year ago, on October 1, 2004. Plaintiff's central claim in this lawsuit is that the Defendants violated the requirements of the United States Constitution's Procedural Due Process Clause, by condemning the Elsmere Park Apartments in Elsmere, DE (the "Apartments"), which Plaintiff formerly owned, in October, 2002 without giving Plaintiff an opportunity for a hearing before the condemnation occurred, and by failing to provide post-deprivation process.  Plaintiff sold the Apartments to JAB Properties Management ("JAB") at a significant loss in the Spring of 2003.

4.      The Defendants assert that they properly condemned the Apartments due primarily to the presence of mold in the Apartments.

5.      On or about August 15, 2005, Plaintiff produced three expert reports pursuant to the scheduling order in this case.  One report was by David Wilks, a real estate appraiser, to establish the value of the Apartments immediately before the Defendant Town condemned the complex in October, 2002.  The two other reports were authored by Larry Johnson and Dr. Ronald Gots, respectively, to establish that condemnation was not appropriate or indicated for the Apartments.

6.      On or about September 22, 2005, the Defendants filed a motion *in limine* under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), to exclude the testimony of Mr. Wilks on the basis that his report did not factor in remediation and stigma costs attributable to the presence of mold in the Apartments.  On or about October

17, 2005, Plaintiff opposed the motion on a number of grounds. (D.I. 78). Defendants filed a reply brief on or about October 24, 2005. (D.I. 81).

7. After the Defendants filed their motion *in limine* to exclude Mr. Wilks' testimony, Mr. Johnson converted the remedial cost estimate Plaintiff had previously produced to the Defendants (in December 2004) into a supplemental expert report to address the Defendants' objections. The Defendants have objected to this supplemental report and have moved to strike it.

8. Thereafter, the Defendants produced to the Plaintiff three boxes of documents the Defendants had received from JAB relating to the Apartments, including mold and asbestos remediation costs it allegedly incurred, rehabilitation efforts it undertook and its consideration of selling the Apartments to other parties. Plaintiff had received the JAB documents (approximately 6,000 pages) from the Defendants' counsel on October 25, 2005, after Plaintiff produced to the Defendants Mr. Johnson's supplemental report.

9. This morning, November 8, 2005, Plaintiff received a motion for sanctions to exclude the testimony of Mr. Wilk, on the previously argued grounds that his report is not relevant, and because he has not yet been presented for deposition. The Defendants did not confer with Plaintiff before they filed their motion for sanctions, contrary to the requirements of local rule, and therefore did not know that Plaintiff had asked Mr. Wilk to revise and/or supplement his report to address their prior contentions, or that Plaintiff was about to file this motion to extend the Scheduling Order.

<u>The Interests of Justice Require that Plaintiff Be Given Leave to File Revised and/or Supplemental Expert Reports, and that the Remainder of the Schedule Be Adjusted Accordingly</u>

10. If the Defendants prevail in their motion *in limine* to exclude Mr. Wilks' testimony, the Plaintiff will have no expert testimony concerning the value of the Apartments before the Defendant Town condemned them.

11. The Defendants insist that the three boxes of JAB documents the Defendants recently produced to the Plaintiff must be taken into account in valuing the Apartments. Now that the parties have the JAB documents, Plaintiff's experts should have an opportunity to review them and to determine if, when and how they should be factored into the expert reports.

12. The Defendants continue to assert that Plaintiff's expert Mr. Wilk should have, but did not, account for the potential for "stigma" in his expert report, and that Plaintiff's view that stigma is not a relevant factor in this case is an unavailing legal argument. Rather than engage in multiple skirmishes over whether Mr. Wilk's existing report is admissible or whether or not "stigma" is relevant to the Apartments, Plaintiff has elected to substantively address Defendants' concern by having its experts supplement and/or revise their reports, as appropriate, to take into account and address Defendants' contentions.

13. It is well established that the interests of justice must prevail over the possibility of winning or losing a case due to technicalities. <u>E.E.O.C. v. General Dynamics Corp.</u>, 999 F.2d 113, 116 (5th Cir. 1993) ("[w]e have emphasized that continuance, not exclusion, is the preferred means of dealing with a party's attempt to

designate a witness out of order or offer new evidence"); see also Dempsey v. Mac Towing, 876 F.2d 1538, 1541 (11th Cir. 1989) (approving district court's grant of continuance on day of trial to allow plaintiff to retain expert to present evidence of future lost wages where it had previously granted defendant's motion *in limine* to exclude such evidence absent expert testimony).

14.     Given that Defendants have raised reasonable substantive concerns, Plaintiff should be given an opportunity to have their experts address those concerns so that Plaintiff's claims and Defendants' defenses in this lawsuit can be adjudicated on the merits.

15.     A continuance is appropriate to allow Plaintiff the opportunity to amend its expert's reports, where Plaintiff is at risk that the testimony of such experts may be otherwise excluded due to motions *in limine* filed by the Defendants.

16.     Mr. Wilk has told Plaintiff that he will provide a supplemental and/or revised report on or about December 15, 2005; he cannot complete it sooner due to other existing engagements.

17.     Plaintiff proposes to extend the scheduled dates for the final pre-trial conference and for trial to enable the Defendants the opportunity to provide rebuttal reports, to depose Plaintiff's experts and to file Daubert motions.

18.     Plaintiff proposes to (a) submit supplemental and/or revised reports on or before December 15, 2005; (b) make its experts available for deposition shortly thereafter; (c) afford the Defendants the opportunity to provide their own expert reports

on these issues; (d) extend the date for the final pre-trial order to be submitted to the Court; and (e) continue the dates currently set for trial (currently scheduled for January 4 and 5, 2006).

19. There have been no prior continuances of the dates originally scheduled for the final pre-trial conference or for trial of this matter.

For the foregoing reasons, Plaintiff's Expedited Motion for Leave to Extend Scheduling Order, Serve Revised and/or Supplemental Expert Reports to Address Claims and New Documents Produced by Defendants, and to Continue Trial Date, should be granted.

Dated: November 8, 2005

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: /s/ Patrick A. Costello
David S. Eagle, (Bar No. 3387)
Patrick A. Costello (Bar No. 4535)
Douglas F. Schleicher (admitted *pro hac vice*)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 552-5504 (Telephone)
(302) 426-9193 (Fax)
deagle@klehr.com
pcostello@klehr.com
dschleicher@klehr.com
*Attorneys for Plaintiff*