IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELSMERE PARK CLUB, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-1321-SLR |
| | ) | |
| TOWN OF ELSMERE, ELLIS | ) | |
| BLOMQUIST, EUGENE BONEKER, | ) | |
| and JOHN GILES, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

At Wilmington this 16th day of November, 2005, having conferred with the parties and having reviewed the docket in the above captioned case;

IT IS ORDERED that:

1. Plaintiff's motion for leave to continue the trial date and to reopen discovery (D.I. 89) is granted, to the extent and for the reasons that follow:

    a. The Elsmere Park Apartments ("the Apartments") were condemned by defendants in October 2002, due to the presence of mold. In the spring of 2003, plaintiff sold the Apartments to JAB Properties Management ("JAB") "at a significant loss." In this litigation, plaintiff claims that the condemnation violated its due process rights; plaintiff claims as damages the

difference in value between the fair market value of the Apartments before condemnation and the JAB sales price.

      b.  Fact discovery closed in this litigation on August 22, 2005.  Expert discovery closed on September 15, 2005.  During the course of discovery, plaintiff's experts did not factor in their damages calculations remediation or stigma costs attributable to the presence of mold in the Apartments.  Consequently, defendants filed multiple motions to strike such evidence as irrelevant.  (D.I. 55, 74, 87)  In connection with the summary judgment motion practice (D.I. 43), plaintiff also moved to strike various papers filed by defendants.  (D.I. 63, 75)  In the midst of this exchange, and after the close of discovery, defendants were successful in obtaining the records of JAB, which records include the actual costs to remediate and improve the Apartments.  (D.I. 80)

      c.  The question posed by plaintiff's motion to reopen discovery and continue the trial is whether the costs associated with prolonging this litigation are justified under the facts presented.  The costs would not be justified, if the only issue were whether plaintiff should be given the opportunity to substantively address matters it should have addressed timely.  I conclude, however, that the costs are justified where, as here, the parties have access to real evidence of costs, not just hypothetical estimates by experts.

    d. Therefore, plaintiff may file supplemental experts **on or before December 29, 2005.** Defendants may file responsive expert reports **on or before January 31, 2006.** Expert discovery shall be completed **on or before February 28, 2006.** All case and issue dispositive motions for summary judgment may be filed **on or before March 31, 2006.** No trial date will be set until the summary judgment motions have been resolved.

    e. In light of the above, defendants' previously filed motion for summary judgment (D.I. 43) is denied without prejudice to renew. All other outstanding motions (D.I. 55, 63, 74, 75, 87) are denied.

    f. I decline at the moment to sanction plaintiff for its failure to substantively address the costs of remediation in a timely manner. However, now that plaintiff has been given the opportunity to review and incorporate into its expert reports the JAB material, I will not hesitate to sanction plaintiff in the future if its experts do not comply with both their professional responsibilities and with the intent of the court in granting plaintiff this extension.

               _/s/ Sue L. Robinson_
               United States District Judge