IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:  Civil Action No. 04-1321 (SLR)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NOTICE OF DEPOSITION OF DELAWARE REAL ESTATE INVESTMENT
FUND LLC (JAB PROPERTIES MANAGEMENT, INC.) PURSUANT TO
RULE 30(b)(6) AND SUBPOENA DUCES TECUM**

TO:　Delaware Real Estate Investment Fund LLC (JAB Properties Management, Inc.), by and through its Registered Agent, c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

　　**PLEASE TAKE NOTICE** that Defendants Town of Elsmere, Ellis Blomquist, Eugene Boneker and John Giles ("Defendants"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, intend to take the oral deposition of the corporate representative(s) designated by Delaware Real Estate Investment Fund LLC (JAB Properties Management, Inc.)("JAB") on December 15, 2005 beginning at 10:00 a.m. (or such other date and time agreed upon by the parties) before a qualified court reporter at the offices of JAB Real Estate Investment Group, LLC, 560 Sylvan Avenue, Englewood Cliffs, NJ 07632 (or such other place agreed upon by the parties).

　　Pursuant to Rule 30(b)(6), JAB is directed to designate one or more officers, directors, managing agents, or other persons who have the knowledge reasonably available to it on the topics set forth in Exhibit "A" to testify on its behalf. JAB is also requested to produce the documents called for in Exhibit "B" at or prior to the deposition noticed herein.

　　The deposition will be recorded by stenographic means and by videotape. The deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day, weekends and legal holidays excluded, until completed, or according to a schedule

1314045/1

mutually agreed upon by the parties in advance of the appearance date. Plaintiff's counsel is invited to attend and cross examine.

## DEFINITIONS AND INSTRUCTIONS

Notwithstanding anything else to the contrary herein, each word, term or phrase used in Exhibits A and B attached hereto is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure, the applicable definitions and rules of construction of which are hereby incorporated by reference. For purposes of determining the scope of testimony and the documents requested, the following definitions will apply, regardless of whether the defined word is capitalized or not:

1. "JAB," "you," or "your" mean means Delaware Real Estate Investment Fund LLC (JAB Properties Management, Inc.) and any of its divisions, subsidiaries, or affiliates and any of their respective officers, directors, employees, agents, representatives, or any other persons acting on behalf of Delaware Real Estate Investment Fund LLC (JAB Properties Management, Inc.), or any of its divisions, subsidiaries, or affiliates.

2. "Apartments," means the Elsmere Park Apartments and/or the Fenwick Park Apartments purchased by JAB in the Town of Elsmere, Delaware.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The term "any" means "any and all" and the term "all" means "any and all."

5. "Communication" means every disclosure, transfer, exchange, or transmittal of information (in the form of facts, ideas, photographs, drawings, or otherwise) whether orally or by document or whether face-to-face, by telephone, telecopier, mail, facsimile, personal delivery, overnight delivery, computer transmission, or otherwise.

6. "Documents" shall have the same meaning as set forth in Rule 34 of the Federal Rules of Civil Procedure and includes, but is not limited to, all written, printed, typewritten, recorded or graphic matter, photographic matter or sound reproduction, including, without limitation, correspondence, reports, tests, analyses, memoranda, contracts, notes, agreements, any notebooks, workpapers, charts, graphs, analyses, projections, diaries, calendars, appointment books, schedules, travel and expense reports, studies, checks, invoices, statements, receipts, bulletins, computer print-outs, emails, interoffice and intra-office communications, applications, tax records, notations of conversations or meetings, pictures and voice recordings and every other device or medium on which or through which information of any type is translated,

recorded or preserved which are in your possession, custody, or control. "Documents" shall include originals, all drafts and copies which differ in any respect from the original, and any material recorded on verbal, graphic, computer, telecommunicative, or magnetic form, or any other form capable of being read, heard, or otherwise understood.

7. The term "evidencing, reflecting, or referring to," means concerning, regarding, referring to, relating to, discussing, supporting, constituting, comprising, containing, evidencing, setting forth, showing, disclosing, describing, explaining, summarizing, reflecting, or mentioning.

8. "Plaintiff" means Elsmere Park Club, L.P. and any of its divisions, subsidiaries, or affiliates, and any officers, directors, employees, financial advisors, attorneys, agents, representatives, or any other persons acting on behalf of Elsmere Park Club, L.P. or any of its divisions, subsidiaries, or affiliates.

9. "Defendants" means the Town Of Elsmere, Ellis Blomquist, Eugene Boneker, and John Giles and any of their divisions, subsidiaries, or affiliates, and any officers, directors, employees, financial advisors, attorneys, agents, representatives, or any other persons acting on their individual or collective behalf.

10. The word "including" means "including without limitation."

11. The terms "concern," "concerning," "relating to," "refer to," or "relate to" mean anything that constitutes, contains, evidences, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes or is in any way relevant to that subject, including, without limitation, documents concerning the matter inquired about or the existence of other documents relating to such matter.

12. The singular shall include the plural and the plural shall include the singular except as the context may otherwise dictate.

13. The past tense shall include the present tense, and vice versa.

Date:   December 7, 2005

## EXHIBIT A
## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The physical condition of the Apartments before, during and after their remediation, including, but not limited to, their structural compliance with the applicable building code(s), the presence of mold or other environmental contaminants and the presence and extent of any other hazardous conditions.

2. Decisions made by JAB regarding the remediation of mold or other contaminants and the bases for those decisions.

3. Professional and other advice given to JAB regarding remediation of the Apartments, including the names of all persons who evaluated the need for remediation at the Apartments and the substance and bases of their advice.

4. The maintenance of business records by JAB, including, but not limited to the types and scope of documents, records, receipts, and invoices kept in the course of regularly conducted business activity at JAB, and the regular practice of JAB to make the memorandum, report, record or data compilation.

5. The documents made available by JAB to the Defendants on or about September 21, 2005, including, but not limited to, the adequacy of said documents as a record of the remediation of the Apartments, the completeness of those documents as records kept in the court of regularly conducted business activity at JAB.

6. The costs, as of the date of the scheduled deposition, of all remediation efforts at the Apartments and the nature of the work, measures, endeavors, tasks, chores, efforts, and jobs associated with those costs including the specific nature of the work performed.

7. The work, measures, endeavors, tasks, chores, efforts, and jobs performed at the Apartments attendant to their remediation, including, but not limited to, the identity of all purveyors of goods and services related to the remediation of the Apartments.

1314045/1

# EXHIBIT B
## REQUESTS FOR PRODUCTION

1. All documents evidencing, reflecting, or referring to the subjects identified in Exhibit A not available to Defendants as of September 21, 2005.

Respectfully submitted,

*/s/ Edward M. McNally / Liza H. Sherman*

Edward M. McNally (#614)
Liza H. Sherman (#4124)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800

Attorneys for Defendants Town of Elsmere, Ellis Blomquist, Eugene Boneker and John Giles

## CERTIFICATE OF SERVICE

I, Liza H. Sherman, hereby certify that on December 7, 2005 a copy of the Notice of Deposition of Delaware Real Estate Investment Fund LLC (JAB Properties Management, Inc.) Pursuant To Rule 30(b)(6) and Subpoena Duces Tecum were served in the manner indicated below upon the following counsel of record:

**BY E-FILING:**

Douglas Schleicher
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801-3062

**BY FACSIMILE AND E-MAIL**

Robert G. Nussbaum, Esq.
39 Hudson Street
Hackensack, New Jersey 07601
201-343-2389 (fax)

Liza H. Sherman (#4124)