IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 04-1321 SLR |
| v. | ) ) | |
| TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES | ) ) ) ) ) ) | |
| Defendant. | ) | |

**NOTICE OF LODGING
OF PROOF OF SERVICE OF SUBPOENA**

TO:   David S. Eagle, Esquire
Klehr, Harrison, Harvey,
Branzburg & Ellers LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

PLEASE TAKE NOTICE that Plaintiff lodges herewith the proof of service of subpoena on the following:

Delaware Real Estate Investment Fund, LLC
(JAB Properties Management, Inc.)
Attention: Ronald Spaner
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_____
Edward M. McNally (#614)
Liza H. Sherman, Esquire (#4124)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
Attorneys for Defendants

December 8, 2005

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

ELSMERE PARK CLUB, L.P.,
a Delaware limited partnership,

      Plaintiff,

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 04-1321 SLR

v.

TOWN OF ELSMERE, a Delaware municipal
corporation, ELLIS BLOMQUIST, EUGENE
BONEKER, and JOHN GILES

      Defendants.

**TO:** Delaware Real Estate Investment Fund, LLC
(JAB Properties Management, Inc.), Attn:
Ronal Spaner
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, Delaware 19801

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Offices of JAB Real Estate Investment Group, LLC, 560 Sylvan Avenue, Englewood Cliffs, NJ 07632 | December 15, 2005 at 10:00a.m. |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibits A and B, attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Offices of JAB Real Estate Investment Group, LLC, 560 Sylvan Avenue, Englewood Cliffs, NJ 07632 | December 15, 2005 at 10:00a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants | December 7, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Liza H. Sherman, Esq., Morris, James, Hitchens & Williams LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306, Wilmington, DE 19899-2306; (302) 888-6940

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 12/08/05 | C/O CT 1209 ORANGE ST. WILMINGTON, DE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| DELAWARE REAL ESTATE INVESTMENT FUND LLC | | ACCEPTED BY   SCOTT LASCALA |
| SERVED BY (PRINT NAME) | | TITLE |
| BARRY EVELAND | | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    12/08/05
                         DATE

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuari to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer of a party to travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A
## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The physical condition of the Apartments before, during and after their remediation, including, but not limited to, their structural compliance with the applicable building code(s), the presence of mold or other environmental contaminants and the presence and extent of any other hazardous conditions.

2. Decisions made by JAB regarding the remediation of mold or other contaminants and the bases for those decisions.

3. Professional and other advice given to JAB regarding remediation of the Apartments, including the names of all persons who evaluated the need for remediation at the Apartments and the substance and bases of their advice.

4. The maintenance of business records by JAB, including, but not limited to the types and scope of documents, records, receipts, and invoices kept in the course of regularly conducted business activity at JAB, and the regular practice of JAB to make the memorandum, report, record or data compilation.

5. The documents made available by JAB to the Defendants on or about September 21, 2005, including, but not limited to, the adequacy of said documents as a record of the remediation of the Apartments, the completeness of those documents as records kept in the court of regularly conducted business activity at JAB.

6. The costs, as of the date of the scheduled deposition, of all remediation efforts at the Apartments and the nature of the work, measures, endeavors, tasks, chores, efforts, and jobs associated with those costs including the specific nature of the work performed.

7. The work, measures, endeavors, tasks, chores, efforts, and jobs performed at the Apartments attendant to their remediation, including, but not limited to, the identity of all purveyors of goods and services related to the remediation of the Apartments.

**EXHIBIT B**
**REQUESTS FOR PRODUCTION**

1.   All documents evidencing, reflecting, or referring to the subjects identified in Exhibit A not available to Defendants as of September 21, 2005.

1318366/1

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2005, I electronically filed the Notice of Lodging of Proof of Service of Subpoena with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> David S. Eagle, Esquire
> Klehr, Harrison, Harvey,
> Branzburg & Ellers LLP
> 919 Market Street, Suite 1000
> Wilmington, DE 19801

> Edward M. McNally (#614)
> Liza H. Sherman, Esquire (#4124)
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801
> (302) 888-6800
> Attorneys for Defendants