IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership,<br><br>     Plaintiff,<br><br>v.<br><br>TOWN OF ELSMERE, a Delaware Municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES,<br><br>     Defendants. | Civil Action No. 04-1321-SLR<br><br>Jury Trial Demanded |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND CERTAIN DEADLINES

Plaintiff Elsmere Park Club, L.P. ("Plaintiff" or "EPC") opposes Defendants' requested amendment[1] to the Order entered on November 16, 2005 (the "Scheduling Order") (D.I. 91), and seeks an order precluding any expert testimony by or on behalf of the Defendants, for the reasons set forth below.

1. On November 16, 2005, the Court entered a new Scheduling Order extending the deadlines for expert discovery. Under this Scheduling Order: (a) Plaintiff was required to file supplemental expert reports **on or before December 29, 2005**, (b) Defendants were required to file responsive expert reports **on or before January 31, 2006**, (c) expert discovery is required to be complete by **February 28, 2006**, and (d) case and issue dispositive motions are required to be filed on or before **March 31, 2006**. (D.I. 91) (emphasis in original).

2. Plaintiff timely served two supplemental expert reports on December 29, 2005.

3. On January 30, 2006, Defendants' attorney informed Plaintiff's counsel that the Defendants would not comply with the Scheduling Order, and that the Defendants needed an

---

[1] Defendants filed their Motion to Extend on January 30, 2006 (D.I. 99). Defendants include the Town of Elsmere, Ellis Blomquist, Eugene Boneker and John Giles (collectively, the "Town" or "Defendants").

additional month to produce one expert report, concerning technical environmental issues relating to mold. Defendants' attorney stated that the Defendants would not present a real estate appraisal or an expert report on any other matter. Defendants asked Plaintiff to consent to an extension of time of one month for submission of this one expert report.

4. As a preliminary matter, Defendants' Motion to Extend should be, and presumably is, limited to seeking an extension of time only for an expert report relating to technical environmental issues pertaining to mold.

5. Defendants' request for an extension of time on January 30, 2006 was the first time the Defendants had indicated to Plaintiff that the Defendants might not be able to comply with the Scheduling Order.

6. Plaintiff's counsel asked, but Defendants' counsel refused to identify, who the Defendants had retained as their technical expert. Defendants' counsel stated that his refusal to identify the expert was based on the fact that the expert was, at least as of January 30, 2006, only a "consulting" expert, stating that the Defendants had not finally determined whether or not the expert would testify at trial.

7. Defendants failed to file or provide any expert reports on or before the deadline of January 31, 2006.

8. Plaintiff produced its two expert reports within forty-three (43) days of the Scheduling Order, notwithstanding the difficulty of doing so given the Thanksgiving and Christmas holidays. Defendants have had an additional thirty-three (33) days within which to prepare their reports, but failed to do so. The Defendants apparently failed to take any action to retain an expert witness until very recently, despite the fact that this litigation was filed over fifteen months ago.

2

DEL1 63412-2

9. Defendants' last minute request for a lengthy thirty day extension, coupled with their unwillingness to identify the expert, indicates that the Defendants may not retain an expert at all, let alone identify who that expert is.

10. There is no reason for an extension of time if Defendants do not use a testifying expert.

11. Given the circumstances, Defendants clearly were aware before January 30, 2006 that they would seek additional time to submit their expert report. Presumably, the Defendants did not request an extension earlier hoping that the Court would not rule on their Motion until the Defendants finally determined if they could find an expert who would provide helpful testimony and after they provided said expert's report, thereby (Defendants hoped) mooting the issue. Defendants should not be rewarded for (a) waiting until after the deadline set in the Scheduling Order to determine if they will retain an expert to testify and (b) waiting until well after they knew that they would not meet the Scheduling Order's deadline to provide an expert report to ask for an extension of time to provide such a report.

12. It is not credible for Defendants to assert that there was not sufficient time to submit their responsive expert reports. Plaintiff's experts finished their reports by December 29, 2005 and worked feverishly during the holiday season in order to meet the Court's deadline. Defendants' experts could have initiated their reports before the Plaintiff's deadline, and Defendants have had over a full month more to finalize their reports and rebut Plaintiff's reports. Furthermore, Defendants have had since the case was started in the fall of 2004 to retain experts. Defendants cannot now claim that they need more time.

13. Since the Defendants did not file expert reports in accordance with the Scheduling Order, they should be precluded from introducing expert testimony at the trial of this matter.

DEL1 63412-2

For the reasons stated above, Plaintiff respectfully requests that the Court (a) deny Defendants' Motion to Extend Certain Deadlines and (b) enter an Order precluding the Defendants from offering expert testimony at the trial of this matter.

Dated: February 2, 2006

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: _____
David S. Eagle, (Bar No. 3387)
Douglas F. Schleicher, *pro hac vice*
Patrick A. Costello (Bar No. 4535)
919 Market Street, Suite 1000
Wilmington, DE  19801-3062
(302) 426-1189 (Telephone)
(302) 426-9193 (Fax)
deagle@klehr.com
pcostello@klehr.com
*Attorneys for Plaintiff*

4