IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, : | |
| Plaintiff, : | Civil Action No. 04-1321 (SLR) |
| v. : | **JURY TRIAL DEMANDED** |
| TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES, : | |
| Defendants. : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO EXTEND CERTAIN DEADLINES**

Defendants Town of Elsmere, Ellis Blomquist, Eugene Boneker and John Giles ("Defendants") hereby submit their reply in support of their Motion to Extend Certain Deadlines (D.I. 99) ("Defendants' Motion") and, in support thereof, state as follows:

**I.   Background**

1.  On November 16, 2005, the Court held a hearing (the "Hearing") on Plaintiff's eleventh-hour Expedited Motion for Leave To Extend Scheduling Order, Serve Revised and/or Supplemental Expert Reports to Address Claims and New Documents Produced by Defendants, and to Continue Trial Date, filed November 8, 2005 (D.I. 89)("Plaintiff's Motion"). Later that same day, the Court issued its Order on Plaintiff's Motion, and all other outstanding motions. The Court continued the trial of this case until resolution of case- and issue-dispositive motions, denied all other outstanding

motions and set new deadlines for future administration of this case (the "Amended Scheduling Order")(D.I. 91).

2. In its Amended Scheduling Order, the Court set the following deadlines: (a) Plaintiff was required to submit its supplemental expert reports on or before December 29, 2005, (b) Defendants were required to file responsive expert reports on or before January 31, 2006, (c) Expert Discovery is to be completed by February 28, 2006, and (d) Case- and issue-dispositive motions are required to be filed on or before March 31, 2006.

3. By Defendants' Motion, Defendants seek an extension of the deadline to submit its expert report until February 28, 2006, and to extend the period for expert discovery until March 14, 2006, for the reasons set forth therein and below.

II.  **Good Cause Exists For The Extension Requested**

4. Under the terms of the Amended Scheduling Order, Defendants are to submit a "responsive expert report." The term "responsive" connotes a response to Plaintiff's expert reports. Thus, Defendants necessarily needed to review Plaintiff's revised expert reports and to fully understand the content of those reports before they could submit a "responsive" expert report.

5. Defendants require additional time to submit their expert reports because the scheduling conflicts of Defendants' counsel and consulting expert, combined with a lack of cooperation on the part of Plaintiff in producing its own experts for deposition,

2

rendered it impossible for Defendants to produce a responsive expert report by January 31, 2006.[1]

6.  On January 4, 2006, Defendants requested that Plaintiff produce its experts for deposition in a time frame that would permit Defendants to incorporate the substance of their testimony in considering and responding to Plaintiff's supplemental reports. (See Exh. A, email from L. Sherman to P. Costello dated 1/5/06). Plaintiff refused to comply. (See Ex. B, email from P. Costello to L. Sherman dated 1/5/06). In fact, despite the diligence on the part of Defendants in attempting to timely depose Plaintiff's expert witnesses and to secure Plaintiff's cooperation, Plaintiff did even not reply to Defendants' request for deposition dates until January 16, 2006. (See Exh. C, email from P. Costello to L. Sherman dated 1/16/06). Thus, Plaintiff's contention that "Defendants' request for an extension of time on January 30, 2006 was the first time the Defendants had indicated to Plaintiff that the Defendants might not be able to comply with the [Amended] Scheduling Order," is simply untrue. (See D.I. 100 at ¶ 5).

7.  At the time, Defendants believed that deposition of Plaintiff's experts was necessary because there were several issues raised by Plaintiff's expert reports requiring exposition to enable Defendants to fully respond in its own expert report. In fact, the depositions of Plaintiff's experts shed some additional light on the substance of their

---

[1] Rule 16(b) of the Federal Rules of Civil Procedure provides: "[T]he district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or <u>after consulting with the attorneys for the parties</u> and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order …". Fed. R. Civ. P. 16(b) (emphasis added.) No such consultation occurred prior to the entry of the Amended Scheduling Order.

Indeed, any such discussion would have been premature prior to the resolution of Plaintiff's Motion and the other pending motions.

3

respective reports and have enabled Defendants to evaluate more fully and completely their own need for a responsive expert report.

8.  Furthermore, Plaintiff has been producing documents reviewed by its experts in piecemeal fashion. The most recent production was on January 30, 2006, <u>during</u> the deposition of Plaintiff's expert Larry W. Johnson, the day before the expiration of the deadline for Defendants to submit its expert report. Although Plaintiff alleges that the content of those documents had already been produced, Defendants, in the interest of thoroughness, wished to review all documents reviewed by Plaintiff's experts, to ascertain whether the information therein impacted Plaintiff's expert reports, either explicitly or implicitly.

9.  Plaintiff's contention that, "Defendants should not be rewarded for (a) waiting until after the deadline set in the [Amended] Scheduling Order to determine if they will retain an expert to testify and (b) waiting until well after they knew that they would not meet the [Amended] Scheduling Order's deadline to provide an expert report to ask for an extension of time to provide such a report," missed the point of Defendants' Motion. (D.I. 100 at ¶ 11). Defendants are not seeking a "reward"—only a fair and adequate opportunity to fully address the merits of Plaintiff's position.

### III. <u>Plaintiff Will Not Be Prejudiced If Defendants' Motion Is Granted</u>

10. This Court is free to grant an extension of time when such an extension is not prejudicial to the opposing party. <u>U.S. v. Eleven Vehicles, Their Equipment and Accessories</u>, 200 F.3d 203 ($3^d$ Cir. 2000). The absence of prejudice here is easily demonstrated.

11. Plaintiff has not alleged that it will suffer prejudice as a result of the extensions of time sought. Rather, Plaintiff alleges that "There is no reason for an extension of time if Defendants do not use a testifying expert." (D.I. 100 at ¶10). Despite Plaintiff's allegation that there is "no reason" to extend the deadline for Defendants to submit its expert report, Plaintiff alleges no prejudice if the extension is granted. That is because no prejudice will result.

12. If Defendants do <u>not</u> submit an expert report, the extension sought will have no impact upon Plaintiff whatsoever. This is so because Defendants have not sought to alter any critical deadlines in this case. Because Defendants have already deposed Plaintiff's experts, the concomitant extension of the deadline for expert discovery will have no effect.

13. If, however, Defendants <u>do</u> submit an expert report, any possible prejudice to Plaintiff has been eliminated by Defendants' seeking a concurrent extension of the deadline to complete expert discovery. As set forth in Defendants' Motion, the extensions sought do not impact the Court's calendar, as no trial date has yet been set, and as Defendants have not sought to alter the deadline for dispositive motions. Defendants have not sought to extend any deadlines that will slow or alter the progression of this case. Accordingly, Plaintiff stands to suffer no prejudice.

IV. **Plaintiff's Alleged Diligence Does Not Undermine Defendants' Diligence**

14. Plaintiff's argument that Defendants do not require an extension of time because <u>Plaintiff</u> was able to timely submit its experts' reports is illogical and unavailing. The allegation that Plaintiff and its experts "worked feverishly during the holiday season in order to meet the Court's deadline," (D.I. 100 at ¶12) is not a fair or accurate

5

representation of the actual nature of their revised expert reports. As a matter of fact, there is only scant variation of at least one of Plaintiff's amended expert reports from its previous form.

15. More important, Plaintiff's alleged efforts are irrelevant to the determination of whether Defendants and their expert require additional time to review the facts and the record. (See D.I. 100 at ¶ 12). If Plaintiff had suffered such hardship, it was at liberty to seek an extension from the Court to submit its revised expert reports, or to ask Defendants to stipulate to an extension of time. Plaintiff did neither. That fact does not bear upon the needs of Defendants, however.

16. Furthermore, despite Plaintiff's contention that it had only forty-three (43) days to produce its expert reports, the fact is that those reports comprise Plaintiff's second "bite at the apple." Plaintiff initially submitted the report of David J. Wilk on August 23, 2005, and the report(s) of Larry W. Johnson on August 23, 2005 (D.I. 39), and October 6, 2005 (D.I. 71), with certain interim revisions and addenda. Defendants, through their motion practice, advised Plaintiff of material failures in its reports as early as September 22, 2005. (See D.I. 55 and 74). Despite such knowledge, Plaintiff declined to meaningfully revise its reports until the Court ordered that it incorporate in its reports the considerations identified by Defendants.

17. Plaintiff has had since October 1, 2004—over fifteen (15) months—to get its expert reports "right." Defendants have been given thirty-three (33) days to address the full scope of Plaintiff's revised reports. If the Court grants Defendants' Motion and request for a modest extension of time, Defendants will still have only a fraction of the

time enjoyed by Plaintiff to obtain an expert report based upon the full and complete record.

WHEREFORE, for the reasons set forth herein, the Defendants pray for the entry of an Order in substantially the form attached hereto to Defendants' Motion.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

/s/ Edward M. McNally

Edward M. McNally (#614)
Liza H. Sherman (#4124)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
*emcnally@morrisjames.com*
*lsherman@morrisjames.com*
Attorneys for Defendants Town of Elsmere,
  Ellis Blomquist, John Giles and Eugene Boneker

Dated: February 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2006, I electronically filed Defendants' Reply in Support of Their Motion to Extend Certain Deadlines with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>David S. Eagle, Esquire
>Klehr, Harrison, Harvey,
>Branzburg & Ellers LLP
>919 Market Street, Suite 1000
>Wilmington, DE 19801
>Attorneys for Plaintiff Elsmere Park Club, L.P.

>Edward M. McNally (#614)
>Liza H. Sherman (#4124)
>Morris, James, Hitchens & Williams LLP
>222 Delaware Avenue, 10th Floor
>Wilmington, DE 19801
>(302) 888-6800
>emcnally@morrisjames.com
>lsherman@morrisjames.com
>Attorneys for Defendants Town of Elsmere,
>    Ellis Blomquist and Eugene Boneker

1346890