IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, :<br><br>Plaintiff, :<br><br>v. :<br><br>TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES, :<br><br>Defendants. : | Civil Action No. 04-1321<br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF DEPOSITION OF ELSMERE PARK CLUP, L.P.
PURSUANT TO RULE 30(B)(6)**

TO: David S. Eagle, Esquire
919 Market Street
Suite 1000
Wilmington, DE 19801-3062

In accordance with the provisions of Rules 26 and 30 of the Federal Rules of Civil Town of Elsmere, Ellis Blomquist, Eugene Boneker and John Giles ("Defendants") hereby provide notice that commencing at 9:00 a.m. on March 14, 2006, at the offices of MORRIS JAMES HITCHENS & WILLIAMS, LLP, 222 Delaware Avenue, Wilmington, DE 19801, or at such other time and place mutually agreed upon by counsel for the parties, it will take the deposition of Elsmere Park Club, L.P. ("EPC") by oral examination of witness(es) designated by EPC to testify on its behalf as the person(s) most competent to testify concerning the matters listed on attached Exhibit A.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by EPC should be prepared to testify as to such matters known or reasonably available to EPC.

EPC is requested to provide Defendants' counsel, on or before February 27, 2006, a written designation of the names and positions of the officers, directors, managing agents or other persons who are most competent to testify concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

The depositions will be taken upon oral examination before an official authorized by law to administer oaths and will continue from day to day until completed. Pursuant to Rule 30(b)(2), testimony of the witness(es) will be recorded by both stenographic means and sound-and-visual means.

You are required to produce the witness(es) at the stated time and place, and are invited to attend to cross-examine.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Edward M. McNally (#614)
Liza H. Sherman (#4124)
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
emcnally@morrisjames.com
lsherman@morrisjames.com
Attorneys for Defendants

Dated: February 9, 2006

# EXHIBIT A
## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Income received by EPC from any and all sources from the ownership of the Apartments from 1989 through and including 2003.

2. All sources of income to EPC arising from EPC's ownership, management and operation of the Apartments, and the amounts received, from 1989 through and including 2003.

3. The gross and net profits of EPC arising from the ownership, management and operation of the Apartments from 1989 through and including 2003.

4. Costs associated with the ownership, management and operation of the Apartments from 1989 through, and including 2003.

5. Costs of routine maintenance and upkeep of the Apartments from 1989 through, and including 2003.

6. Costs of assorted utilities supplied to the Apartments from 1989 through, and including 2003, including, but not limited to, water, electricity, and natural gas.

7. Persons employed by EPC from 1989 through, and including 2003, who participated in or assisted in the ownership, management or operation of the Apartments, the jobs or tasks performed by such employees and the salaries paid to all such employees.

8. Costs or fees of assorted business licenses required by EPC as a result of the ownership, management or operation of the Apartments from 1999 through, and including, 2003.

9. Projections for income to be received by EPC as a result of its ownership, management or operation of the Apartments from 2002 through and including 2010.

10. Projected costs to be incurred by EPC as a result of its ownership, management or operation of the Apartments from 2002 through and including 2010.

11. The work, measures, endeavors, tasks, chores, efforts, and jobs performed at the Apartments attendant to their remediation, including, but not limited to, the identity of all purveyors of goods and services related to the remediation of the Apartments.

12. Any and all measures or other activities taken by EPC or any of its affiliates or employees to offset any damages claimed by EPC as a result of the condemnation of the Apartments.

13. Details of any and all assessments by EPC of its duty, ability and opportunity to offset or mitigate the damages claimed by EPC as a result of the condemnation of the Apartments.

14. The identity, location, and authenticity of documents and other tangible things constituting evidence relating to the categories set forth in topics 1 through 13 above.

15. The identity and location of witnesses knowledgeable about the categories set forth in topics 1 through 13 above.

**CERTIFICATE OF SERVICE**

I, Liza H. Sherman, hereby certify that on February 9, 2006 I electronically filed the Notice of Deposition of Elsmere Park Club, L.P. Pursuant To Rule 30(b)(6) with the Clerk of Court using EM/ECF which will send notification of such filing(s) to the following counsel of record:

David S. Eagle
Patrick Costello
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP
919 Market Street
Suite 1000
Wilmington, DE 19801-3062

_____
Liza H. Sherman (#4124)

1346707/1