IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-1321-SLR<br>)<br>)<br>)<br>)<br>) Jury Trial Demanded<br>)<br>) |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO EXTEND CERTAIN DEADLINES**

Plaintiff Elsmere Park Club, L.P. ("Plaintiff" or "EPC") submits this Sur-Reply in Opposition to Defendants' Motion to Extend Certain Deadlines[1] set forth in the Court's Order entered on November 16, 2005 (the "Scheduling Order") (D.I. 91).

1.   Defendants admit in their Reply (D.I. 101) that even today they still have not decided whether or not they "need" expert testimony. (D.I. 101 at ¶¶ 7, 12). Defendants' candid concession, and their failure to identify any expert so far, means that they still have not selected an expert witness, or even more fundamentally whether or not to use an expert. Defendants should have made these decisions long ago, so that they could submit their expert report on or before the extended deadline of January 31, 2006, which they failed to do. As a result, Defendants should be barred from offering expert testimony.

2.   Defendants honestly concede in their Reply that they made a calculated decision to wait for the depositions of Plaintiff's experts before determining whether or not to retain an expert. Defendants made this decision at their own risk. The Scheduling Order does not require or

---

[1] Defendants' Motion to Extend Certain Deadlines was filed January 30, 2006. (D.I. 99) Plaintiff's Opposition was filed February 2, 2006. (D.I. 100) Defendants' Reply was filed February 7, 2006. (D.I. 101)

DEL1 63470-2

provide that the deadline for Defendants' expert reports can be deferred unilaterally by Defendants if depositions of Plaintiff's experts were not be taken before January 31, 2006. Rather, the Court's Scheduling Order provides a full month of time for expert depositions after expert reports are exchanged.[2]

3. Contrary to the assertions in their Reply, Defendants never asked Plaintiff for an extension until January 30, 2006, the day before their expert reports were due.[3]

4. Plaintiff and Defendants worked cooperatively to schedule the depositions of Plaintiff's experts as soon as possible. Defendants first asked to take the depositions of Plaintiff's experts on January 4, 2006. On that date, Defendants demanded that both experts be made available for depositions on the same day *and* within nine (9) days from the date of the demand. (D.I. 101, Exh. A and B), which could not be accomplished. The depositions occurred promptly, especially given the limited deposition dates offered by Defendants and the number of schedules involved. Defendants cannot seriously claim that their expert reports were delayed due to Plaintiff's inability to comply with Defendants' unreasonable deposition scheduling demands. Nor can Defendants properly claim that they needed additional time due to receipt of a few documents—which information they had previously received—after Plaintiff provided its updated expert reports.[4]

5. Defendants offer no explanation whatsoever for shortening the time for Plaintiff to depose any expert offered by Defendants from twenty-eight (28) to fourteen (14) days after

---

[2] Responsive expert reports were due January 31, 2006, but expert discovery does not close until February 28, 2006.
[3] On January 5, 2006, Defendants unilaterally claimed that their deadline for submitting expert reports would be extended if they were unable to take depositions of Plaintiff's experts on short notice. (D.I. 101, Exh. A). Plaintiff immediately told Defendants that Plaintiff would work cooperatively with Defendants to schedule the depositions promptly, but that Defendants were required to meet the January 31, 2006 expert report deadline regardless of when the depositions occurred. (D.I. 101, Exh. B). Defendants did not respond and remained silent about their expert reports until January 30, 2006, the day before their reports were due.
[4] Defendants' assertion that Plaintiff produced additional documents on January 30, 2006 is a red herring. (D.I. 101 at ¶ 8). Those documents consist of twelve (12) pages that Plaintiff received from a third party, Harvard Environmental, Inc., one business day before they were produced. Those pages or the information they contained were previously produced during discovery.

Defendants' deadline for providing the expert's reports.[5] The only possible conclusion is that Defendants acknowledge the importance of minimizing the deviation from the Scheduling Order, but they offer to do so only at Plaintiff's expense.

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Extend Certain Deadlines (D.I. 99) and preclude the Defendants from offering expert testimony at the trial of this matter.

Dated: February 13, 2006

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: _____/s/ Patrick A. Costello_____
David S. Eagle, (Bar No. 3387)
Douglas F. Schleicher, *pro hac vice*
Patrick A. Costello (Bar No. 4535)
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
(302) 426-1189 (Telephone)
(302) 426-9193 (Fax)
deagle@klehr.com
pcostello@klehr.com
*Attorneys for Plaintiff*

---

[5] Defendants assert that Plaintiff has not alleged that it will suffer prejudice, but the prejudice to Plaintiff is patently obvious when Defendants shorten the time period for Plaintiff to schedule depositions of Defendants' experts, especially when Defendants have failed to even *identify* an expert after the deadline for submitting expert reports.

3

DEL1 63470-2