IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES, :<br>:<br>:<br>:<br>Defendants. : | Civil Action No. 04-1321 (SLR)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY**

Defendants Town of Elsmere, John Giles, Ellis Blomquist and Eugene Boneker ("Defendants"), by and through their undersigned counsel, hereby oppose Plaintiff Elsmere Park Club, L.P.'s Motion for Leave to File Sur-Reply in Opposition to Defendants Motion to Extend Certain Deadlines ("Plaintiff's Motion") (D.I. 104) and move to strike Plaintiff's Sur-Reply in Opposition to Defendants Motion to Extend Certain Deadlines (D.I. 105)("Sur-Reply"). In support of their Opposition to Plaintiff's Motion and Motion to Strike Plaintiff's Sur-Reply, Defendants aver as follows:

1. On January 30, 2006, Defendants filed their Motion to Extend Certain Deadlines (D.I. 99) ("Defendants' Motion"). The Defendants' Motion sought an extension of the deadline to serve its expert report and a concomitant extension of the time for expert discovery. On February 2, 2006, Plaintiff filed Plaintiff's Opposition to Defendants' Motion to Extend Certain Deadlines ("Plaintiff's Opposition") (D.I. 100). On February 7, 2006, Defendants filed their

Reply in Support of Defendants' Motion to Extend Certain Deadlines (D.I. 101)("Defendants' Reply").

2. On February 13, 2006, Plaintiff filed Plaintiff's Motion, seeking leave of the Court to file a Sur-Reply in Opposition to Defendants' Motion to Extend Certain Deadlines. (D.I. 104). Minutes later, without obtaining prior leave of the Court, Plaintiff filed its Sur-Reply in Opposition to Defendants' Motion to Extend Certain Deadlines (the "Sur-Reply")(D.I. 105).

3. The Sur-Reply should be stricken as this Court has not yet ruled on Plaintiff's Motion and, accordingly, Plaintiff filed its sur-reply without authority. See Metz v. United Counties Bancorp, 61 F.Supp.2d 364, 382 (D.N.J. 1999) (striking sur-reply where it was filed without leave of the Court).

4. With respect to Plaintiff's Motion, Plaintiff stated its case to the Court in Plaintiff's Opposition and should be denied leave of the Court to correct any failures it now perceives in that pleading. Contrary to Plaintiff's allegation that Defendants' Reply set forth three new discrete "facts" that need to be addressed, Defendants' Reply cites no new facts and seeks no new relief which warrants additional exposition by Plaintiff.

5. First, Plaintiff's Motion alleges that Defendants disclosed for the first time in Defendants' Reply that Defendants were still evaluating their need for an expert as of the date of Plaintiff's Motion (D.I. 104 at ¶ 1). Although Plaintiff's allegation is untrue, Plaintiff has had the opportunity to apprise the Court of its contention and, indeed, already did so in Plaintiff's Opposition. (D.I. 100 at ¶¶ 6, 9). Thus, no sur-reply is necessary or warranted on this point.

6. Next, Plaintiff alleges that Defendants' Reply raised for the first time the "fact" that Defendants "made a calculated decision" to wait until the depositions of Plaintiff's experts to decide if they would retain an expert. (D.I. 104 at ¶ 2). Although this is also untrue and an

egregious misconstruction of Defendants' Reply, Plaintiff has had the opportunity to apprise the Court of its contention and, indeed, did so in Plaintiff's Opposition. (D.I. 100 at ¶¶ 6, 9).  In fact, however, Defendants' Reply states that Defendants sought to depose Plaintiff's experts before submitting their own expert report, to insure that all of the substance of those reports was addressed or considered by Defendant's expert. (See D.I. 101, ¶¶ 8, 9, 17).  Thus, no sur-reply is necessary or warranted on this point.

7. Finally, Plaintiff alleges that it must be given leave to address the fact that Defendants previously informed Plaintiff of their need for an extension of time to submit their expert report. (D.I. 104 at ¶ 3.) Again, this is false.  Plaintiff chose to ignore the fact that Defendants apprised them on January 5, 2006 of the potential delay in the production of Defendants' expert report.  Regardless, in Plaintiff's Opposition, Plaintiff claims that "Defendants' request for an extension of time on January 30, 2006, was the first time Defendants had indicated to Plaintiff that the Defendants might not be able to comply with the Scheduling Order." (D.I. 100 at ¶5).  This is patently untrue, as indisputably rebutted in Defendants' Reply.  Again, Plaintiff has had an opportunity to apprise the Court of its position with respect to notice of the possibility of Defendants requiring additional time to submit their expert report and, indeed, did so. (D.I. 100 at ¶5).  Thus, no sur-reply is necessary or warranted on this point.

8. For the reasons set forth in Defendants' Motion, good cause exists to grant the extensions sought by Defendants in Defendants' Motion.  Despite Defendants' best efforts, and the best efforts of its expert to timely review, evaluate and rebut the reports of Plaintiff, Defendants simply need more time to complete this task in an appropriate fashion.  Moreover, where Defendants have had little more than one month to submit their responsive reports, and

where no trial date has yet been set, no prejudice to Plaintiff results from the brief extension sought in Defendants' Motion.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion for Leave to File Sur-Reply In Opposition To Defendants' Motion To Extend Certain Deadlines be DENIED and that Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Extend Certain Deadlines be GRANTED.

        MORRIS, JAMES, HITCHENS & WILLIAMS LLP

        Edward M. McNally (#614)
        Liza H. Sherman (#4124)
        222 Delaware Avenue, 10th Floor
        Wilmington, Delaware 19801
        (302) 888-6800
        *emcnally@morrisjames.com*
        *lsherman@morrisjames.com*
        Attorneys for Defendants Town of Elsmere,
          Ellis Blomquist, John Giles and Eugene Boneker

Dated: February 21, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELSMERE PARK CLUB, L.P., a Delaware limited partnership, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 04-1321 (SLR) |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| TOWN OF ELSMERE, a Delaware municipal corporation, ELLIS BLOMQUIST, EUGENE BONEKER, and JOHN GILES, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Upon consideration of the Motion of Defendants Town of Elsmere, Ellis Blomquist, Eugene Boneker, and John Giles ("Defendants") to Extend Certain Deadlines ("Defendants' Motion to Extend") (D.I. 99), Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendants Motion to Extend Certain Deadlines ("Plaintiff's Motion") (D.I. 104), and the Defendants' Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendants' Motion ("Defendants' Motion to Strike"), and good cause appearing therefor;

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Extend is GRANTED;

2. Defendants' Motion to Strike is GRANTED; and

3. Plaintiff's Motion is DENIED.

Dated: _____, ____, 2006

_____
Sue L. Robinson
United States District Judge

1353073/1

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2006, I electronically filed Defendants' Opposition to Plaintiff's Motion for Leave to File Sur-Reply and Defendants' Motion to Strike Plaintiff's Sur-Reply with Proposed Order with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>David S. Eagle, Esquire
>Klehr, Harrison, Harvey,
>Branzburg & Ellers LLP
>919 Market Street, Suite 1000
>Wilmington, DE 19801
>Attorneys for Plaintiff Elsmere Park Club, L.P.

>Edward M. McNally (#614)
>Liza H. Sherman (#4124)
>Morris, James, Hitchens & Williams LLP
>222 Delaware Avenue, 10th Floor
>Wilmington, DE 19801
>(302) 888-6800
>emcnally@morrisjames.com
>lsherman@morrisjames.com
>Attorneys for Defendants Town of Elsmere,
>   Ellis Blomquist and Eugene Boneker

1353251